

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3017

———————

GUI LIN,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

                    Respondents

———————

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A78-862-966

———————

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2005

———————

Before: SLOVITER, BARRY, and SMITH, Circuit Judges

———————

(Opinion Filed:   October 3, 2005)

———————

OPINION

———————

BARRY, Circuit Judge

Gui Lin, a native and citizen of the People's Republic of China ("PRC"), petitions this Court for review of a final order of removal of the Board of Immigration Appeals ("BIA"). We will deny the petition.

## I.

On April 20, 2002, Lin entered the United States at Chicago, Illinois without travel documents. The then-Immigration and Naturalization Service ("INS")[1] detained him and, on May 9, 2002, served him with a notice to appear before an immigration judge ("IJ"). Soon thereafter, Lin was paroled and released from detention. The IJ in Chicago granted a change of venue to New York City on June 27, 2002. Subsequently, venue was changed again, this time to Newark, New Jersey, where Lin filed a form I-589 seeking asylum, withholding of removal to the PRC, and protection under the United Nations Convention Against Torture ("CAT").

On May 6, 2003, an IJ held a hearing. At the hearing, Lin testified that he did payroll work at a government-owned cement factory in the PRC. While out with his boss and some fellow employees, Lin claimed to have overheard a conversation in which his boss was described as taking kickbacks. He also claimed to have witnessed large sums of money change hands. The next day, Lin's boss offered him 10,000 RMB in exchange for his silence. Afraid of breaking the law, Lin turned down the money, after which his boss

---

[1]Enforcement of United States immigration laws now falls within the purview of the Department of Homeland Security. See 6 U.S.C. § 271 (2002).

2

issued what Lin perceived to be a veiled threat by mentioning how well-connected he was in town. The following day, while heading to work, Lin was assaulted by a group of men he contends were acting at the behest of his boss. He testified that he was later treated for a bloody nose and did not return to work. A few days later, his boss paid him a visit, gave him gifts, and advised him to rest. That visit, according to Lin, convinced him that his boss's threats would not cease.

Lin, afraid of his boss, spent several months hiding out in the home of a friend. Eventually, Lin and his family hired a smuggler to get him out of the PRC. He arrived in Chicago after a stop in the Netherlands. Lin learned from his father that, after Lin fled the country, his boss destroyed property at their home and threatened his family.

The IJ disbelieved much of Lin's testimony. Moreover, the IJ found that even if that testimony were to be believed, it would not support Lin's claims. Consequently, the IJ denied Lin's applications and ordered him removed to the PRC. On June 23, 2004, the BIA affirmed that decision without opinion. Lin timely filed the instant petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review final orders of removal. Where, as here, the BIA affirms the IJ's order of removal without opinion, we review the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). If the factual findings–including adverse credibility determinations–underlying that decision are

3

supported by substantial evidence, we must uphold them. See id. at 272; Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Only if we were to find that "'no reasonable person' would have found the applicant incredible," Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004), may we upset the IJ's adverse credibility determination. See 8 U.S.C. § 1252 (b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . .") (emphasis in original). Nevertheless, an IJ's adverse credibility determination must be based on evidence in the record and may not rest merely on speculation. See Gao, 299 F.3d at 272. That is, an IJ must base an adverse credibility determination on "specific[,] cogent reasons," id. at 276, such as "inconsistent statements, contradictory evidence, and inherently improbable testimony." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (citation and internal quotation marks omitted).[2]

### III.

Here, the bases for the IJ's adverse credibility determination included Lin's statement during his initial encounter with the INS that he had not been persecuted by the PRC government; his failure to mention to the INS the beating he allegedly suffered; the unlikelihood that someone with his limited education would have held the payroll job at

---

[2]We note that section 101(a)(3) of the Real ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 305, has amended the credibility provisions of 8 U.S.C. § 1158(b)(1). Lin's petition, however, predates the effective date of the statute. Consequently, we apply "old" law to the IJ's decision.

the cement factory; his inability to provide any evidence that he held that job or even that the cement factory existed, despite receiving assistance in seeking asylum from people in the PRC; and his failure to provide any documentary evidence of medical care for the injuries he allegedly sustained in the attack. We cannot say that a reasonable person, presented with such evidence, would be compelled to find Lin credible.

In any event, the IJ correctly found that Lin's petition must fail regardless of any credibility concerns. A claim for asylum on the basis of past persecution requires proof of one or more incidents amounting to persecution; that the persecution was "on account of" a statutorily protected ground;[3] and that it was committed by the government or forces the government is unable or unwilling to control. See Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003). At most, what we have here, even if we accept Lin's recounting of the events and even if we assume that the apparently minor injuries he received would amount to "persecution," is a "private matter" (A.R. 41), not an instance of political persecution. Likewise, there is no evidence that the government was unable or unwilling to control Lin's boss. Indeed, despite testifying that other officials would protect his boss, Lin stated that his boss would "probably" be arrested if the kickback scheme were publicized, (A.R. 98), a fact consistent with Lin's description of his boss as somebody

---

[3]The statutorily protected grounds are "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Alien petitioners are now required by the Real ID Act to establish that one of the statutory factors "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(I). As noted above, supra note 3, that statute is inapplicable here.

5

afraid of having his conduct revealed.[4]

Nor is there anything in the record, even taking Lin at his word, to support a claim of asylum based on a well-founded fear of future persecution. To prevail, an applicant must demonstrate "a genuine fear, and that a reasonable person in her circumstances would fear persecution if returned to her native country." Gao, 299 F.3d at 272. Our review of the record fails to reveal that Lin had "a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." Chang v. INS, 119 F.3d 1055, 1066 (3d Cir. 1997).

Lin also seeks withholding of removal. See 8 U.S.C. § 1231(b)(3)(A). A petitioner's burden in connection with a withholding claim is heavy, requiring a showing "that it is more likely than not" that he will be subjected to persecution if removed. Yan Lan Wu v. Ashcroft, 393 F.3d 418, 423 (3d Cir. 2005). Lin, having failed to carry his burden in relation to his asylum claim, cannot succeed on the more difficult withholding of removal claim.

Finally, for purposes of his CAT claim, Lin was required to demonstrate that it is "more likely than not he will be tortured if removed to" the PRC. Lukwago v. Ashcroft,

---

[4]Furthermore, we note that when an applicant, by "a showing of past persecution," has successfully raised "a presumption of a well-founded fear of future persecution," the government can attempt to "establish[] by a preponderance of the evidence that the applicant could reasonably avoid persecution by relocating to another part of his or her country." Abdulrahman, 330 F.3d at 592 & n.3. Cf. Pet.'s Form I-589, A.R. 134 ("If returned to my hometown, my boss would continue to threaten me, victimize me, and endanger my life in future attacks against me.").

329 F.3d 157, 182-83 (3d Cir. 2003).[5]  Although Lin includes a paragraph summarizing the CAT standard in his brief, he fails to even suggest how he has met that standard, apparently abandoning the argument.  In any event, as the IJ found, Lin "has not given me any evidence whatsoever that he . . . will be tortured for any reason whatsoever upon return to China."  (A.R. 46).  We agree.  He is, therefore, ineligible for relief under the CAT.

## IV.

For the foregoing reasons, we will deny the petition for review.

_____

[5]See 8 C.F.R. § 208.18(a)(1) ("Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.").